UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL C. COOPER,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br><br>    Defendant. | Case No. 10-cv-04299-EMC (MEJ)<br><br>**ORDER DISCHARGING ORDER TO SHOW CAUSE**<br><br>**REPORT AND RECOMMENDATION RE: UNOPPOSED MOTION TO WITHDRAW MOTION FOR ATTORNEYS' FEES WITHOUT PREJUDICE**<br><br>Re: Dkt. Nos. 37, 44 |

    On May 12, 2015, the undersigned ordered Plaintiff to show cause as to why he had not responded to the undersigned's March 13, 2015 order for supplemental briefing. Dkt. No. 43. Plaintiff's counsel timely responded on March 15, 2015. Dkt. No. 44. Having reviewed counsel's response, the undersigned finds that counsel has shown good cause and DISCHARGES the order to show cause.

    Also pending before the Court is counsel's Motion for Attorneys' Fees pursuant to 42 U.S.C. § 406(b) for his work on Plaintiff's social security appeal. Dkt. No. 37. This matter was referred to the undersigned, who ordered supplemental briefing from Defendant on the Social Security Administration's calculation of the total past due benefits owed to Plaintiff. Dkt. No. 39.[1]

---

[1] The amount of past due benefits owed is relevant because Plaintiff's counsel seeks attorneys' fees in the amount of 25% of the past due benefits owed to Plaintiff. Dkt. No. 37. Counsel seeks fees pursuant to 42 U.S.C. § 406(b), which provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, *the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled*

The undersigned also ordered Plaintiff to file a response stating when he began to receive disability benefits from the Social Security Administration. *Id.* On April 9, 2015, Defendant responded with a declaration, which provides a revised calculation of Plaintiff's past-due benefits. *See* Dkt. No. 42. The revised calculation significantly reduces Plaintiff's past due benefits as compared with the amount originally noticed. *See id.*

In light of Defendant's declaration, Plaintiff's counsel now seeks to withdraw his Motion for Attorneys' Fees without prejudice to re-filing later. Dkt. No. 44 at 1-2. Counsel states that he wishes to withdraw his Motion so that he may review the updated calculations and investigate further. *Id.* at 2. According to Plaintiff's counsel, Defendant has indicated via email on April 30, 2015, that the Motion to withdraw without prejudice is unopposed. *Id.*

Considering the foregoing, the undersigned finds that the Court may not yet have the requisite information to make a fully informed decision on Plaintiff's Motion for Attorneys' Fees and that it would likely benefit both parties to reassess the situation at hand. Accordingly, the undersigned RECOMMENDS that the District Court GRANT Plaintiff's unopposed Motion to Withdraw his attorney's fees motion without prejudice to re-filing.

Any party may serve and file objections to this report and recommendation within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a).

**IT IS SO ORDERED.**

Dated: May 18, 2015

_____
MARIA-ELENA JAMES
United States Magistrate Judge

---

by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A) (emphasis added).